Buckhannon v. Commonwealth.

CASE 15—INDICTMENT—September 29.

# Buckhannon v. Commonwealth.

APPEAL FROM WOLFE CIRCUIT COURT.

1. DRUNKENNESS NO EXCUSE FOR CRIME.—Drunkenness as *a fact* may be proved by the defendant in an indictment for murder as bearing upon the existence or *non*-existence of malice, but not upon the ground that it in and of itself excuses or mitigates the crime.

    In this case the court properly refused to allow a witness to state, without detailing the words, the acts and behavior of the accused, that just before the killing he had not mind enough to know right from wrong, or sufficient will power to control his actions, there being not even a pretext that he was insane, and it being evident that, if his mind was affected, it was the result of temporary intoxication. Nor should an instruction as to insanity have been given.

2. INSTRUCTIONS.—It would not have been proper to have singled out from the evidence the one fact of drunkenness and told the jury why they were allowed to hear evidence as to it.

WOOD & DAY FOR APPELLANT.

1. As the witness offered to prove the condition of the mind of the accused at the time of the killing showed that she had an opportunity of forming an opinion from the *facts* observed by her, her testimony was competent. (Wharton & Stillé's Medical Jurisprudence, vol. 1, sec. 272 and Notes, p. 273.)

2. While drunkenness is no excuse for crime, it may be proved to show the absence of malice. (Shannahan v. Commonwealth, 8 Bush, 470.)

3. If intoxication dethrones the reason, it may prevent a conviction for murder. (Jones v. Commonwealth, 75 Pa. St., 403.)

4. The court should have explained to the jury in a proper instruction why the proof of drunkenness was allowed to go to them. (Smith v. Commonwealth, 1 Duv., 224; Blimm v. Commonwealth, 7 Bush, 320; Curry v. Commonwealth, 2 Bush, 67.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. The mere opinion of the witness as to appellant's mental condition, without the facts upon which that opinion was based, was incompetent.

2. Neither drunkenness nor the mental condition produced by drunkenness can excuse or mitigate a crime. (Shannahan v. Commonwealth, 8 Bush, 470; Burchett v. Commonwealth, MS. Op., Sept., 1886.)

Buckhannon v. Commonwealth.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The imposition of the death penalty in this case has led to a careful inspection of the record.

The performance of this unpleasant duty has, however, satisfied us beyond all question that the killing was not only inhuman, but utterly devoid of excuse.

The accused, without warning, cruelly shot down the deceased, when he was performing neighborly and kindly acts for him.

Drunkenness, that by far the most fruitful source of crime in our State, was the cause of it. The wisdom of the common law held this to be no excuse. Our statute makes 'it an offense, and one crime should not privilege another. Intoxication often, indeed usually, excites the homicidal passions, and makes one *hostis humani generis;* and if it could serve to excuse or mitigate a greater offense, it would be a shelter for the bad element in society, and an invitation to the commission of crime. Such a rule would endanger the very existence of the social fabric, and is forbidden by every consideration of public policy.

Counsel earnestly urge two reasons for a reversal of the sentence : First, that the accused was not allowed to prove the condition of his mind at the time of the killing ; and second, because the court not only did not inform the jury why evidence of drunkenness was admitted, and failed to define manslaughter to them, but virtually told them that they must convict the accused of either murder or manslaughter, and yet in another instruction said to them, if he did not know that the act was wrong, or did not have sufficient will power to refrain from doing it, that then they should acquit him upon the ground of insanity. .

Without having the witness detail the words, acts and behavior of the accused, she was asked by his counsel whether, at the time or just before the killing, he had mind enough to know right from wrong, and sufficient will power to control his actions. This evidence upon the facts of this case was properly rejected.

It is evident if his mind was affected, that it was the result of his temporary intoxication. There is not even a pretext that he was insane. It clearly appears that he was not, but that his condition arose from his then voluntary drunkenness. Not only was the testimony therefore inadmissible, but the accused was not entitled to an instruction as to insanity, and none should have been given. Nor would it have been proper to have singled out from the evidence the one fact of drunkenness, and told the jury why and for what purpose they were allowed to hear evidence as to it. Such testimony is competent, not because intoxication *per se* either excuses or mitigates crime, but because in connection with other facts an absence of malice may appear. A *deliberate* intent to take life is an essential element of murder. Drunkenness as *a fact* may, therefore, be proven as bearing upon its existence or *non*-existence. It is not admissible upon the ground that it in and of itself excuses or mitigates the crime, because one offense can not justify or palliate another, but because, under the circumstances of the case, it may tend to show that the less and not the greater offense was committed.

It may be said that to allow it to be proven, and yet deny that under the law it either excuses or mitigates the offense, involves an absurdity. Not at all. It is

Buckhannon v. Commonwealth.

a sufficient reply to it to say that in some cases the offender, although intoxicated, may be guilty of mur-- der, while in others he may be guilty of manslaughter only.

The question depends upon all the circumstances of the case ; and in connection with them evidence as to the condition of the accused at the time of the kill- ing, whether intoxicated or not, should be permitted to go to the jury as bearing upon the question of malice.

In this case the jury were, in substance, told that they should find the accused guilty of murder, if the killing was attended with deliberate malice ; but of manslaughter only, if done without malice.

It is not pretended that it was accidental or done in self-defense. If it were, the testimony shows other- wise ; and under the circumstances of the case there was no escape from a conviction for either murder or manslaughter, and the distinction between the two was sufficiently and properly indicated to the jury.

The protection of human life, and the public peace and safety, dictate an adherence to the rule above indicated ; and the views herein expressed in support of it are sustained by the case of Shannahan v. The Commonwealth, 8 Bush, 464, to which we adhere.

Judgment affirmed.