## Fleenor v. Commonwealth.

(Decided September 27, 1927.)

### Appeal from Harlan Circuit Court.

1. Homicide.—In prosecution for willful murder, while drunkenness may be circumstance showing absence of malice, the jury should not be instructed that it mitigated the offense.

2. Criminal Law.—One in state of voluntary intoxication is subject to the same rules of conduct and rules and principles of law that a sober man is.

3. Homicide.—Homicide must be committed with malice aforethought, and hence evidence of drunkenness is admissible to show absence of malice.

4. Criminal Law.—Evidence of voluntary drunkenness may be admitted in a prosecution for murder to show absence of malice, but it may only be admitted or considered for that purpose.

5. Criminal Law.—A drunken man may act from malice in committing crime no less than a sober man.

6. Homicide.—In proceution for murder, whether drunken man kliled the deceased with malice aforethought is question for the jury on all facts.

7. Homicide.—Evidence held to sustain conviction for murder, notwithstanding defendant was drunk when he committed the offense.

G. G. RAWLINGS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Commissioner Hobson— Affirming.

Robert Fleenor was indicted in the Harlan circuit court for the willful murder of Hobart Hall.. On the trial of the case, he was found guilty of murder and sentenced to life imprisonment. He appeals. The facts are these:

Robert Fleenor, Hobart Hall, and Ernest Amix, all of whom lived in Harlan county, were drinking heavily at Wilsonberger. Alex Napier and his wife came along in a seven-passenger car, going in the direction of their home. They signaled him to stop and they all got in. Napier and his wife were sitting on the front seat; Amix and Hall sat on the back seat, and Fleenor sat on the small seat in the center of the car. After they got in, Hall was punching Fleenor and playing with him. Fleenor told him to quit, and Mrs. Napier said to Hall to quit punching him, that he was easy to make mad when drinking. He said, "All right, I will quit." After a while Hall reached over and punched Fleenor again, playing with him. Fleenor then took his pistol out of his hip pocket, took the safety off of it, and put it in his coat pocket. Some words followed; finally Hall said, "If I knowed you was mad at me, I would kill you right here." When he said that, Fleenor ran his hand in his pocket where the pistol was. Napier had stopped the car and grabbed Fleenor's right arm. Hall grabbed his left arm. Then the pistol fired in Fleenor's pocket, striking Hall in the breast, and he died from the wound shortly after-wards. Hall had no weapon in his hand, and was entirely unarmed. The men were friends; there had been no previous trouble between them, but they were both very drunk. Fleenor testified on the trial that he did not remember anything that happened after he got in the car; that he was so drunk that he did not know what he was doing after that, and did not come to himself until he found himself in jail the next morning. The court gave the usual instructions on murder, manslaughter, self-defense, and accidental killing, but he did not give any instruction on insanity, and the failure to give such an instruction is the only ground urged for reversal.

The rule is well settled that, while the fact of drunkenness in a case like this may be a circumstance showing the absence of malice, it should not be singled out from the other proof, and the jury should not be

instructed that it mitigates the offense. One in a state of voluntary intoxication is subject to the same rules of conduct and to the same rules and principles of law that a sober man is. Shannahan v. Com., 8 Bush, 470, 8 Am. Rep. 465; Buckhannon v. Com., 86 Ky. 110, 5 S. W. 358, 9 Ky. Law Rep. 411; Wilkerson v. Com., 88 Ky. 29, 9 S. W. 836, 10 Ky. Law Rep. 656; Mathlev v. Com., 120 Ky. 389, 86 S. W. 988, 27 Ky. Law Rep. 785; Arnold v. Com., 194 Ky. 421, 240 S. W. 87.

In Perciful v. Com., 212 Ky. 673, 279 S. W. 1062, the court so instructed the jury; approving the instruction, this court said:

"The instruction simply gives effect to the salutary rule that temporary insanity, caused solely by voluntary drunkenness at the time of the homicide, does not exempt one from responsibility for his act."

In larceny an attempt to steal must exist. A man who is too drunk to know what he is doing is not guilty of larceny if he is too drunk to form an intent to steal. The same rule applies in the case of other offenses. A homicide must be committed with malice aforethought, and therefore evidence of voluntary drunkenness may be admitted to show the absence of malice. But it may be only admitted or considered for this purpose.

In Terhune v. Com., 144 Ky. 370, 138 S. W. 274, the offense charged was robbery. In Kehoe v. Com., 149 Ky. 400, 149 S. W. 818, the offense charged was arson. In each case a felonious intent was necessary to constitute the offense, and so of the other cases relied on where drunkenness was allowed as a defense, if the accused was too drunk to know what he was doing. But a drunk man may act from malice no less than a sober man. Where a drunk man kills another, the fact that he was drunk may be shown, but whether he killed the deceased with malice aforethought is a question for the jury on all the facts.

The verdict of the jury is not against the evidence. The deceased was unarmed and making no effort to hurt the defendant. Malice may be presumed from the wanton use of deadly weapons.

Judgment affirmed.