## Milburn v. Commonwealth.

(Decided February 17, 1928.)

### Appeal from Daviess Circuit Court.

1. Criminal Law.—Where affidavits for continuance on account of absence of witnesses set out what absent witnesses would testify if present, all of which related to appellant's mental condition, and number of witnesses testified to substantially same facts as set out in affidavits, and affidavits were read as depositions of absent witnesses, overruling of motion for continuance was not error.

2. Homicide.—Indictment for murder alleging that deceased died from shooting shortly thereafter and record showing indictment was returned within year after shooting was not demurrable for failure to charge that deceased died within year and day after shooting, and was sufficiently concise and certain to enable person with common understanding to know what was intended.

3. Criminal Law.—Though fact of drunkenness in case of homicide may be circumstance showing absence of malice, it should not be singled out from other proof, and jury should not be instructed that it mitigates offense.

4. Homicide.—In prosecution for murder, defended on grounds of insanity arising from use of drugs and drunkenness, instruction authorizing jury to consider mental condition of accused, resulting from voluntary use of intoxicating liquor or drugs, in determining whether accused was acting with malice, though erroneous, was not prejudicial to accused, since it afforded additional grounds for mitigating punishment and was favorable to him and prejudicial to commonwealth.

5. Criminal Law.—Same rule as to criminal responsibility should apply to person under influence of drug taken voluntarily and not as medicine as applies to person drunk from voluntary use of intoxicating liquor.

6. Homicide.—In prosecution for murder of policeman, where there was no evidence tending to show that accused's mother and sister were in any danger, real or apparent, and there was no claim that accused shot in their defense, omission from instruction on self-defense of any reference to shooting in defense of members of accused's family was not error.

7. Homicide.—In prosecution for murder, malice may be presumed from facts and circumstances in evidence, and particularly from

wanton use of deadly weapons, and hence instruction on murder
was not error because of failure to prove malice.

ELMER L. BROWN and AUD & HIGDON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, John Milburn, was indicted in the Daviess circuit court for the willful murder of Chas. A. Hays, a policeman of the city of Owensboro, and on the trial of the case he was found guilty and his punishment fixed at confinement in the penitentiary for life.

The facts briefly stated are these: Late in the afternoon on February 25, 1926, the appellant engaged in an altercation on the streets of Owensboro during which he shot and wounded one Mary King. The chief of police was notified, and he sent Hays and three other police officers to the scene of the difficulty. The officers found that appellant had gone to the home of his mother, with whom he resided, and they proceeded to her home with the intention of arresting appellant. The appellant and his mother and sister occupied an apartment on the second floor of a building at the corner of Ninth street and Leitchfield road. A stairway led from the sidewalk to the second floor of the building. When the officers arrived at appellant's home they heard some one say, "Hold him; don't turn him loose." Immediately following this remark appellant appeared at the top of the stairway with a pistol in his hand; he started down the steps and began firing at the officers, who were standing at the foot of the stairway; he fired several shots, wounding the decedent and one of the other officers. The appellant fired several shots before any shot was fired by the officers. Hays died on July 10, 1926. Two physicians testified that in their opinion death resulted from the gun-shot wound inflicted by appellant.

Appellant relies upon the following grounds for a reversal: (1) That the court erred in overruling his motion for a continuance; (2) that the demurrer to the indictment should have been sustained; and (3) alleged errors in the instructions.

The indictment was returned on October 6, 1926. The case was continued from time to time until February 14, 1927, when appellant's motion for a continuance on account of the absence of certain witnesses was overruled

by the court. In support of his motion for a continuance, he filed his affidavits in which he set out what the absent witnesses would testify if present. All of the evidence of the absent witnesses as shown by the affidavits related to the mental condition of appellant. A number of witnesses testified to substantially the same facts set out in the affidavits, and as the affidavits were read as the depositions of the absent witnesses, the trial court did not err in overruling the motion. Miller v. Commonwealth, 200 Ky. 435, 255 S. W. 96.

It is insisted that the demurrer to the indictment should have been sustained because it does not charge that Hays died within a year and a day after the infliction of the wound, the allegation on this point being, "from which shooting and wounding the said Chas. A. Hays then and there did languish and shortly thereafter did die." The indictment charges that the appellant shot Hays on the ——— day of ———, 1926, and the record discloses that the indictment was returned on the 6th day of October, 1926. It necessarily follows that the death of Hays occurred within a year and a day from the infliction of the wound, and the allegation of the indictment is in terms sufficiently concise and certain to enable a person with common understanding to know what was intended. Jane v. Commonwealth, 3 Metc. 18.

Appellant's defense to the charge of murder was that of insanity. The testimony of his mother and sister was to the effect that at the time he shot the deceased, and immediately prior thereto, his actions were such as to indicate that he was either drunk or under the influence of drugs and as a result his mind was unsound. A physician testified that he began treating appellant in November, 1923. At that time appellant had incipient tuberculosis, a blood disease, and was taking drugs. The physician treated him for all of his ailments, including the drug habit, and he continued to improve, until February 22, 1924, three days before the shooting of Hays, which was the last time the witness saw him. At that time appellant was normal mentally and apparently had not recently taken any drugs.

Appellant's chief criticism of the instructions is directed to instruction No. 6, which qualifies instruction No. 5 defining insanity. The first four instructions are the customary instructions on murder, voluntary man-

slaughter, self-defense, and insanity. Instruction No. 6 is as follows:

"The court further instructs the jury that although they may believe from the evidence that the defendant at the time of the shooting and wounding of the said Chas. A. Hays had not sufficient reason to know right from wrong, or was without sufficient power to govern his actions by reason of some impulse which he could not resist or control, yet if they should believe from the evidence that such lack of reason to know right from wrong, or such insufficient will power to govern his actions or control his impulses, arose from the voluntary use of drugs then existing but not from unsoundness of mind, they should not acquit the defendant on the grounds of insanity."

Substantially the same instruction was approved in Perciful v. Commonwealth, 212 Ky. 673, 279 S. W. 1062. The court also gave the following instruction:

"Voluntary drunkenness or the voluntary use of drugs, is not an excuse for crime, but the facts introduced in the evidence, if any, on the ground of defendant's being drunk or under the influence of drugs at the time the offense was committed and of his mental condition by reason thereof, though voluntary should be considered by the jury on the question of his motion and in determining the question as to whether he was acting maliciously or without malice and in sudden heat and passion."

While the fact of drunkenness in a case of homicide may be a circumstance showing the absence of malice, it should not be singled out from the other proof, and the jury should not be instructed that it mitigates the offense. Harris v. Commonwealth, 183 Ky. 542, 209 S. W. 509; Blackburn v. Commonwealth, 200 Ky. 638, 255 S. W. 99; Fleenor v. Commonwealth, 221 Ky. 175, 298 S. W. 376; Lawson v. Commonwealth, 222 Ky. 614, 1 S. W. (2d) 1060. In any event the appellant cannot complain, as an instruction on voluntary manslaughter was given, and also one authorizing the jury to consider the mental condition of the accused resulting from the voluntary use of intoxicating liquor or drugs in determining whether he was acting with malice. The latter instruction should not have been given, but, instead of prejudicing the appellant in any substantial right, it afforded

additional grounds for mitigating the punishment and was favorable to him and prejudicial to the commonwealth. The same rule as to criminal responsibility should apply to a person under the influence of a drug taken voluntarily, and not as a medicine, as applies to a person drunk from the voluntary use of intoxicating liquor. Prather v. Commonwealth, 215 Ky. 714, 287 S. W. 559, announces no rule to the contrary. There the condition of the accused was chronic. He had been a morphine addict for more than one year previous to the act complained of and was daily consuming inordinate quantities of that drug. No such state of facts appears in this case.

It is also insisted that the instruction on self-defense is erroneous because it did not authorize the appellant to fire the shots in defense of the members of his family as well as in his own defense. There is no evidence tending to show that appellant's mother and sister were ever in any danger, real or apparent, nor was there any claim that he shot in their defense. The court therefore did not err in omitting from the self-defense instruction any reference to the mother and sister.

It is also contended that no instruction on murder should have been given because no malice was proven. Malice may be presumed from the facts and circumstances in evidence, and particularly from the wanton use of deadly weapons.

Finding no error prejudicial to the appellant's substantial rights, the judgment is affirmed.