## Hendrickson v. Commonwealth.

(Decided October 7, 1930.)

J. HENRY TAYLOR, J. L. WILLIAMS and H. H. FUSON for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Hershel Hendrickson was indicted for the murder of his uncle, Charlie Cox. He was convicted of manslaughter and sentenced to serve twenty-one years in the penitentiary. He seeks a reversal of the judgment upon numerous grounds which will be discussed and disposed of in the course of the opinion.

A brother of the deceased was permitted to identify the covers of the bed on which Cox was killed, and they were introduced in evidence. It is complained that the witness was not sufficiently familiar with the articles to identify them. It is well settled that things pertaining to the scene of a crime are competent to be offered in evidence and displayed before the jury. Roberson, Criminal Code, sec. 518, p. 705. The point whether the witness was sufficiently familiar with the articles becomes unimportant in view of other testimony in the case. The appellant testified that he shot Cox in bed at a time when he was partly covered. Several other witnesses testified that the deceased was killed on his bed, and that bullet holes were seen in the covers. In view of the undisputed

fact that Cox was shot in bed with covers partially over him, it is clear that appellant was not prejudiced by the exhibition of the covers, or by their introduction as evidence on insufficient identification. Tackett v. Commonwealth, 229 Ky. 312, 17 S. W. (2d) 241.

We are not authorized to reverse a judgment for errors not affecting adversely the substantial rights of the party complaining. Criminal Code, secs. 340 and 353; Abbott v. Commonwealth, 234 Ky. 423, 28 S. W. (2d) 486.

It is stated that the instructions are not correct, but no reason is assigned to support the statement. The suggestion that the instructions required the jury to find the appellant guilty of murder or of manslaughter, even though the defendant acted in self-defense, is not well founded. The instructions followed the forms often approved by this court. Hobson on Instructions to Juries, p. 890; Carnes v. Commonwealth, 146 Ky. 425, 142 S. W. 723; Taylor v. Commonwealth, 172 Ky. 136, 188 S. W. 1087. They must be read together as a whole, as the jury was advised in this case, and if the defendant acted in defense of himself as defined in the instructions he was entitled to an acquittal. The criticism leveled at the instruction on killing in sudden heat and passion misses the mark. It conforms to the rule established by the decisions. Gibson v. Commonwealth, 226 Ky. 186, 10 S. W. (2d) 646; Brummett v. Commonwealth, 235 Ky. 322, 31 S. W. (2d). The argument for a peremptory instruction rests upon a contention that the statements voluntarily made by appellant when he surrendered to the officers were insufficient to prove the commission or his connection with the crime. Statements against interest voluntarily made by him are admissible against an accused. Wright v. Commonwealth, 155 Ky. 750, 160 S. W. 476; Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497; Eldridge v. Commonwealth, 229 Ky. 499, 17 S. W. (2d) 403. The fact that the victim died from violence was proven apart from appellant's admission. Counsel correctly contends that the proof of a criminal charge must embrace two distinct facts: First, that the crime was committed; and, second, that it was done by the person accused. The evidence in this case, without contradiction, established that Charlie Cox was shot to death in his bed. The statements of

appellant before the trial, and his testimony at the trial, were to the effect that he inflicted the wounds which brought about the death of Cox. In those circumstances the burden was on him to excuse his act. Ferguson v. Commonwealth, 224 Ky. 151, 5 S. W. (2d) 897; Milburn v. Commonwealth, 223 Ky. 188, 3 S. W. (2d) 204; Morgan v. Commonwealth, 228 Ky. 432, 15 S. W. (2d) 273. The appellant realized his predicament, and undertook to excuse his act by asserting that he acted in self-defense. But the credibility of the witnesses was for the jury, and its finding upon conflicting evidence is conclusive upon that question of fact. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190; Branham v. Commonwealth, 223 Ky. 233, 3 S. W. 2d) 629.

Complaint is made of the argument of an attorney for the prosecution. We have held repeatedly that so long as an attorney in his arguments to a jury adheres to the record for his facts, and to reason for his deductions no one has any just ground for complaint. Johnson v. Commonwealth, 225 Ky. 413, 9 S. W. (2d) 53; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022; Ratcliffe v. Commonwealth, 231 Ky. 337, 21 S. W. (2d) 441; Browder v. Commonwealth, 232 Ky. 205, 22 S. W. (2d) 615. The remarks of the attorney in this instance, to which objection is made, were based upon testimony properly in the record. The first reference was to information appellant gave to his aunt, who was the wife of the deceased. Appellant testified that he had told his aunt of the conduct of her husband which he regarded as wrong, and on account of that his uncle ordered him to leave the house. The comment upon the length of time it took the appellant to dress, and the progress he had made toward accomplishing that purpose, was not an unfair deduction from what the appellant himself said upon the subject. It is said that there was no basis for an argument to the effect that the defendant had shot but twice, and yet had inflicted three wounds upon the deceased. The witnesses heard but two shots. The deceased was shot in the arm, chest, and cheek. It was reasonable to conclude that one of the bullets had passed through the arm and then made another of the wounds. Obviously, it may have happened because of an effort on the part of the deceased to ward off the bullets with his arm. Indeed, the defendant stated that he shot but

twice, and if three wounds were on the body of deceased, two of them must have been made by a single shot when deceased was holding up his arm. The testimony afforded ample support for the argument of the attorney.

Finally, the appellant relied for a new trial upon newly discovered evidence. He filed the affidavits of three men, concerning the condition of the bed clothing where the deceased was killed. In view of the fact that Cox confessedly was killed in bed, and the further fact that some of the bed clothing, which partly covered him at the time, contained bullet holes, there is no force in the suggestion that a new trial should be granted to hear evidence of that type. The rule of practice prevailing in this jurisdiction is that a new trial will not be granted upon newly found evidence that is immaterial, cumulative, impeaching, or incapable of exerting a decisive influence in the decision of the case. Brewer v. Commonwealth, 228 Ky. 128, 14 S. W. (2d) 375; Roberts et al. v. Commonwealth, 212 Ky. 791, 280 S. W. 111. The proposed new evidence did not measure up to the requirements of the law, and no error was committed by the court in refusing to grant a new trial.

The judgment is affirmed.