# Shepherd v. Commonwealth.

(Decided December 2, 1930.)

BRATCHER & MOORE for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Marcus Shepherd was indicted for murder, convicted of manslaughter, and condemned to serve three years in the penitentiary. He has prosecuted an appeal, insisting that the verdict of the jury is palpably against the evidence, and that he was prejudiced by an improper remark of the commonwealth's attorney in an address to the jury.

The victim of the homicide was Elton Northern, who was a second cousin of the appellant. The tragedy occurred on Sunday night while religious services were in progress at Temple View church. Northern and his brother-in-law, Orie Embry, came to the church in a car just as the service was closing. Shepherd walked by the side of the car two or three times. Embry got out to investigate the identity of a man sitting in a wagon. The reason he gave was that he had been in trouble with a man named Ted Shepherd, and desired to make sure he was not at his back. Northern got out of the car and the appellant walked by him singing, or humming, a song. Northern then stepped to the front of his car and Shepherd followed him. They were soon mixed up in a fight. Northern was badly cut in the neck and had three other wounds, one of which was in the shoulder and the others in the back. He died the next day. The appellant had a gash on his own arm near the elbow

The testimony for the commonwealth tended to show that the appellant followed Northern, almost brushed against him, and was the aggressor in the altercation. It was during the ensuing struggle that Northern was fatally stabbed. The appellant testified that he acted solely in self-defense, and he was supported by a large number of witnesses. Indeed, it may be conceded that the appellant proved by the greater number of witnesses that he acted in his necessary self-defense, and was not the aggressor at all. But a greater number of witnesses on the losing side does not make a verdict palpably against the evidence. Hudson v. Commonwealth, 227 Ky. 831, 14 S. W. (2d) 146. The credibility of the witnesses is for the jury to judge, and a verdict rendered on conflicting evidence must stand unless it is so palpably against the established facts

and circumstances as to compel the conclusion that it resulted from passion and prejudice and was not the fruit of deliberation and judgment. Perkins v. Commonwealth, 227 Ky. 129, 12 S. W. (2d) 297; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820; Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629.

Furthermore, the killing of a human being with a deadly weapon raises an inference of malice and casts upon the defendant the burden of excusing his act, and the jury, under all the evidence is the tribunal fixed by law to determine the guilt or innocence of the accused. Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Ferguson v. Commonwealth, 224 Ky. 151, 5 S. W. (2d) 897; Fleenor v. Commonwealth, 221 Ky. 175, 298 S. W. 376; Morgan v. Commonwealth, 228 Ky. 432, 15 S. W. (2d) 273; Milburn v. Commonwealth, 223 Ky. 188, 3 S. W. (2d) 204; Patton v. Commonwealth, 235 Ky. 845, 32 S. W. (2d) —.

In the present case the jury accepted the evidence for the defendant to the extent of rebutting the inference of malice, but found him guilty of cutting in sudden heat and passion, or in sudden affray, under provocation reasonably calculated to excite his passions beyond control. The verdict was authorized by the evidence and the instructions of the court of which no complaint is made.

But the appellant "stands squarely on the issue that the verdict, based on the facts," was flagrantly against the law of self-defense.

The jury was properly instructed upon the law of self-defense. Canter v. Commonwealth, 176 Ky. 360, 195 S. W. 825; Ayers v. Commonwealth, 195 Ky. 343, 242 S. W. 624; Shrout v. Commonwealth, 170 Ky. 796, 186 S. W. 885; Hobson, Blaine & Caldwell on Instructions to Juries, sec. 758, p. 921.

A verdict is not palpably against the evidence, when it is reasonable for the jury to find from the proven facts and circumstances that the defendant was guilty. Burden v. Commonwealth, 216 Ky. 787, 288 S. W. 742; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001; Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575. The credibility of the witnesses must be determined by the jury, and that tribunal is at liberty to accept the testimony of one or more witnesses

to the exclusion of that produced by others, or to accept part of the testimony on both sides and reject any portion not believed by it. The function of finding the ultimate facts from conflicting testimony is imposed by law upon the jury. The jury, in this instance, may have found from the testimony that the defendant used more force than was reasonably necessary, or that so appeared to him at the time, to protect himself. Duke v. Commonwealth, 191 Ky. 146, 229 S. W. 122. Other theories to account for the conviction might be suggested. Banks v. Commonwealth, 196 Ky. 639, 245 S. W. 296; Canter v. Commonwealth, 176 Ky. 360, 195 S. W. 825; Hawley v. Commonwealth, 191 Ky. 380, 230 S. W. 296; Staples v. Commonwealth, 178 Ky. 429, 198 S. W. 1169; Burden v. Commonwealth, 216 Ky. 787, 288 S. W. 742. It is not possible for this court to know the basis upon which the verdict was rested, but when the evidence affords any fair and reasonable ground upon which it might be sustained, it cannot be said as a matter of law that the result reached was palpably against the proof adduced. White v. Commonwealth, 225 Ky. 596, 9 S. W. (2d) 720; Kidd v. Commonwealth, 218 Ky. 153, 291 S. W. 4; Collins v. Commonwealth, 218 Ky. 189, 291 S. W. 1; Salyers v. Commonwealth, 229 Ky. 153, 16 S. W. (2d) 509; Cheatham v. Commonwealth, 228 Ky. 765, 15 S. W. (2d) 525; Tackett v. Commonwealth, 229 Ky. 312, 17 S. W. (2d) 241.

In his argument the commonwealth's attorney appealed to the jury to "convict this man and Butler County will go off the head lines." It is contended that the county, in common with the rest of the country, had suffered an unsavory reputation for crime, which was resented by all good citizens, and that such an appeal tended to prejudice the appellant and to prevent him from obtaining a fair trial. The contention appears to be far-fetched and unsubstantial. If a new trial should be granted upon grounds so speculative and flimsy, the adminstration of justice would be retarded, and injustice to the commonwealth would result. It is for reasons of this nature that we are forbidden to reverse judgments of conviction unless the court is satisfied that the substantial rights of the defendant have been prejudiced. Criminal Code of Practice, secs. 340, 353; Newsome v. Commonwealth, 204 Ky. 179, 263 S. W. 703; Hargis v. Commonwealth, 135 Ky. 578, 123 S.

W. 239; Graves v. Commonwealth, 186 Ky. 479, 217 S. W. 356; Curtis v. Commonwealth, 169 Ky. 727, 184 S. W. 1105; Deskins v. Commonwealth, 228 Ky. 688, 15 S. W. (2d) 475.

In the zeal of advocacy, heated remarks are not unusual, and some allowance must be made for the common sense and fair judgment of the jurors. Cooksey v. Commonwealth, 235 Ky. 454, 31 S. W. (2d) 703. If an attorney in his argument departs from the record and refers to matters not proper for the consideration of the jury, and which are reasonably calculated to inflame animus against the accused, the court may be compelled to interpose to prevent a miscarriage of justice. But we see no merit in the complaint now presented, and are convinced that the casual comment of the commonwealth's attorney played no part in the conviction of the appellant. In such cases, it is held that no prejudice to the defendant is apparent, even when it is conceded that the comment was improper. Collins v. Commonwealth, 218 Ky. 189, 291 S. W. 1; Hudson v. Commonwealth, 227 Ky. 831, 14 S. W. (2d) 146; Mullins v. Commonwealth, 230 Ky. 624, 20 S. W. (2d) 442; Moore v. Commonwealth, 223 Ky. 133, 3 S. W. (2d) 190; Johnson v. Commonwealth, 225 Ky. 416, 9 S. W. (2d) 53; Ratcliffe v. Commonwealth, 231 Ky. 337, 21 S. W. (2d) 441.

The judgment is affirmed.