## Girkey v. Commonwealth.

(Decided October 6, 1931.)

B. J. BETHURUM and WILLIAM CATRON for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Henry Girkey, shot and killed Dick Turpin, and by the judgment appealed from was sentenced to two years in the penitentiary. The facts are outlined in the opinion of Commonwealth v. Girkey 240 Ky. 382, 42 S. W. —, certifying the law of the case, delivered this day. It will be necessary to consider only one ground submitted for reversal of the judgment.

The defendant introduced several witnesses who testified that his general reputation for peace and order was good. Upon cross-examination the attorney for the commonwealth asked these witnesses certain questions for the apparent purpose of testing their knowledge of the subject of their testimony, of which the following are typical:

"Did you ever hear that he was always having trouble with his renters? Did you ever hear about him whipping his step-father a few years ago? Didn't you hear about him whipping him and running him off from his home? Did you ever hear about him having that fight with Elmer Weddle? Did you hear about him having a lot of trouble with a man by the name of Mize, that was a renter of his? Did you ever hear about him having trouble with John Hine, another renter? Did you ever hear about him having trouble with Joe Wells, another renter? Did you hear about him having trouble with Levi Cooper?"

To every question the respective witnesses answered: "No, sir." They were followed with questions as to what difference would be made in the witness' opinion respecting the defendant's reputation if he had heard of such things.

The defendant made seasonable and sufficient objections to the questions, and entered proper exceptions to the rulings of the court overruling his objections.

The questions and procedure in this trial are strikingly like those related and condemned in Fugate v. Commonwealth, 211 Ky. 700, 277 S. W. 1029, and for such the judgment of conviction was reversed. As pointed out in that opinion, questions asked in good faith which tend to test the knowledge, accuracy, and candor of a character witness concerning the subject of his testimony may

properly be asked, but, since it is a dangerous character of evidence, it is to be closely confined within fair and reasonable limits.

Furthermore, it is the duty of the court to state the purpose of its introduction and to admonish the jury accordingly when objection is made to the questions or a motion to that effect is entered by the party affected. If the witness answers the questions negatively, as the witnesses on this trial did, the court should exclude the questions, and admonish the jury that they and the intimations contained in them are not to be considered for any purpose. The subject is fully treated in the Fugate opinion, and there is no need to go over the ground again.

For this error, the judgment is reversed.