## Black v. Commonwealth.

(Decided October 20, 1931.)

B. J. BETHURUM for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Joe Shell Black was indicted for the murder of Elva McGowan, convicted of voluntary manslaughter, and condemned to serve a term of five years in the penitentiary. He has prosecuted an appeal, insisting that numerous errors intervened at the trial to the prejudice of his substantial rights.

The first complaint concerns the instructions. The criticism is that the court failed to include an offered instruction defining the right of the appellant to kill an intruder in his home, or, in ejecting him therefrom. The evidence in the case did not call for such an instruction. Black testified that McGowan and two companions came to his home about 2 o'clock in the morning and forced their way into the house. But the shooting did not occur at that time or because of that fact. Although uninvited and, perhaps, unwelcome, Black accepted the visitors as his guests and drank with them. They spent some time together and continued to drink and to carry on conversation. The fatal shooting occurred on the outside of the house, and according to Black's testimony, for

another reason. Plainly such facts did not justify an instruction on the defense of the home. Hendrickson v. Com., 232 Ky. 691, 24 S. W. (2d) 564; Com. v. Girkey, 240 Ky. 382, 42 S. W. (2d) 513, decided October 6, 1931. Nor was the appellant entitled to an instruction respecting the amount of force that may be employed in ejecting an intruder from a home. McGowan had not been ordered to leave and Black was not endeavoring to eject him from the premises. Raines v. Com., 214 Ky. 211, 282 S. W. 1109; Smith v. Com., 236 Ky. 736, 33 S. W. (2d) 688; White v. Com., 225 Ky. 596, 9 S. W. (2d) 720; Banks v. Com., 227 Ky. 500, 13 S. W. (2d) 511; Thomas v. Com., 195 Ky. 623, 243 S. W. 1. According to the commonwealth's evidence, McGowan had left his pistol in the care of Black and was seeking to regain possession thereof. According to the testimony of the appellant, he was attacked by McGowan with an open knife and the fatal shot was fired to repel the onset. We find no basis for the argument that the instructions were inadequate or incomplete by reason of the refusal to give the offered instruction.

The next complaint is that the commonwealth's attorney misbehaved in his argument to the jury, when he said: ''Judge Bethrum says that the deceased and his companions had it in for the defendant because he is opposed to the liquor business. There is as much evidence connecting Joe Shell Black with the liquor business as Elva McGowan. The blood of Elva McGowan cries out to you through this evidence and says that Joe Shell Black murdered me.'' Black testified to the effect that McGowan had said to him that he understood that Black had a reputation for ''turning up'' people who dealt in liquor, and if he ever turned up McGowan he would kill him. It was upon this evidence that counsel for defendant commented in his argument. In answer thereto the commonwealth's attorney made the remarks just quoted. Counsel insists there was no evidence to warrant the responsive argument. Some of the character witnesses testified to the effect that appellant had a bad reputation for both drinking and selling whisky. It is apparent, therefore, that the commonwealth's attorney had some basis in the evidence for his inference. Although the alleged fact was not proven by direct evidence, it was nevertheless indicated by the evidence that was admitted. The commonwealth's attorney had a right to resort to that evidence as the basis for a legitimate argument.

The matter may have been incompetent, but it was brought out on cross-examination by the defendant, and the prosecutor had a right to use it in answer to the argument for the defendant. We have repeatedly ruled that so long as an attorney adheres to the record for his facts, and is governed by reason in making his deductions therefrom, no just ground exists for condemning his argument. Hendrickson v. Com. 235 Ky. 462, 31 S. W. (2d) 712.

The third ground urged for reversal is meritorious. In the cross-examination of character witnesses the prosecutor was permitted to ask improper questions, and the court failed to correct the error. It came about in this manner: The defendant introduced several witnesses whose testimony supported his good reputation for peace and quietude. Upon cross-examination, under the guise of testing the credibility of the witnesses, the prosecution was permitted to indulge in a wide range of insinuation.

The witnesses were asked many questions, such as these:

"Have you heard a lot of shooting up at his house?"

"Haven't you heard that he is a bootlegger?"

"Had you ever heard about when his father was sick in bed he went there shooting his gun and running him off?"

"Had you heard about him laying by the roadside and shooting at Herbert Johnson?"

"Had you heard about him shooting under Elbert Thomas' feet and running him off?"

"Had you heard that he had been in several shooting scrapes in the panhandle before this trouble?"

"Did you ever hear about him having trouble with Joe McLendon?"

"If you have heard of all these things would you still think his moral reputation was good?"

"You don't undertake to say, those things are not true, do you?"

The trial court overruled the objections of the defendant, and, although the witnesses answered all the questions in the negative, the court declined to exclude the questions and failed to admonish the jury that the intimations contained therein should not be considered

for any purpose. Cross-examination of character witnesses concerning specific acts of wrongdoing of the accused is admissible on very narrow grounds, and a trial court should be diligent and cautious to prevent injustice when that type of testimony is being adduced. The practice is a dangerous one, at best, and the court must be careful to see that the limited purpose for which it is admissible is not obscured. Fugate v. Com., 211 Ky. 700, 277 S. W. 1029; Girkey v. Com., 240 Ky. 389, 42 S. W. (2d) 516, decided October 6, 1931.

The Attorney General argues that the error of the court in respect to the matter just mentioned was not available to the appellant because his own counsel committed a similar impropriety in the cross-examination of witnesses for the commonwealth. The commonwealth introduced witnesses to prove that the deceased, Elva McGowan, bore a good reputation for peace and quietude. The cross-examination elicited the fact that McGowan had been convicted of a felony and had served a term in the penitentiary. It was brought out also that McGowan had been engaged in some shooting and the character witnesses had heard of it. Cross-examination is permitted to that extent. When a witness expresses the opinion that a person bears a good reputation, he may be asked about facts that would affect the weight of his testimony in that respect. 16 Cyc. 1280; McCreary v. Com., 158 Ky. 612, 165 S. W. 981; Copley v. Com., 184 Ky. 185, 211 S. W. 558.

It is clear, therefore, that counsel for appellant did not transcend the limits of legitimate cross-examination, and it becomes unnecessary to determine whether misconduct of his own counsel in one respect would deprive an appellant of the right to complain of like errors committed against him.

The commonwealth argues that the error was not prejudicial, but it is apparent from the authorities cited that this court has consistently treated such disregard of the rights of a defendant as reversible error. Copley v. Com., supra; Clark v. Com., 165 Ky. 472, 177 S. W. 251; Fugate v. Com., 211 Ky. 700, 277 S. W. 1029; Girky v. Com., 240 Ky. 389, 42 S. W. (2d) 516, decided Oct. 6, 1931.

For the error indicated, the appellant is entitled to a new trial.

The judgment is reversed for a new trial not inconsistent with this opinion.