## Vermillion v. Commonwealth.

(Decided October 6, 1925.)

### Appeal from Bracken Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction of Possession of Moonshine Whiskey.—Evidence held sufficient to sustain conviction for possession of moonshine whiskey, in violation of Rash-Gullion Act.

2. Intoxicating Liquors—Evidence Held Sufficient to Warrant Finding Contents of Jar was "Moonshine Whiskey."—In prosecution for possession of "moonshine whiskey" under Rash-Gullion Act,

evidence held sufficient to warrant jury in finding that contents of jar from which defendant gave witness a drink was "moonshine whiskey," which is an intoxicant; proof of its intoxicating nature being unnecessary.

3.   Criminal Law—Statement Made by Accused to Witness Before Arrest, that Jars Contained Moonshine Whiskey, was Not "Confession."—Statement of accused to witness before arrest, that certain jars contained moonshine whiskey, was not such a "confession" as was provided for in Criminal Code of Practice, section 240, that, unless made in open court, would not warrant conviction without other proof; being a statement of fact to an associate.

M. J. HENNESSEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment accused appellant, Vermillion, of the offense of having in possession moonshine whiskey in violation of the Rash-Gullion Act. He was convicted and fined $100.00 and adjudged to serve thirty (30) days in the county jail. He appeals.

As grounds for reversal of the judgment he says: (1) The verdict is against the law and evidence; (2) the Commonwealth failed to prove the *corpus delicti*, and (3) the court erred in not instructing the jury under section 240 of the Criminal Code.

The evidence for the Commonwealth is about as follows: Wells, the witness, was helping appellant, a farmer, to house tobacco; at noon they went to the residence of appellant for dinner; when they entered the dining room, the witness testifies, he saw a glass jar of moonshine whiskey setting on a stand and that appellant asked him if he wanted a toddy, and suiting his actions to his words, poured a portion of the moonshine whiskey from the jar into a glass, put water into it and stirred it with a spoon. Appellant then gave the glass with the mixture to the witness, Wells. The witness also testified that after they had finished their dinner appellant took him to the basement and there showed him other cans of moonshine whiskey, which he told the witness were scorched in the making but that the negroes bought it and never knew the difference. In addition to the foregoing testimony several neighbors of appellant were called to prove his reputation for dealing in intoxicating beverages was bad, and so testified.

Appellant testified for himself, saying he did not have a jar of moonshine whiskey in his dining room upon the occasion mentioned by the witness, or upon any occasion, and that he did not show the witness jars of moonshine whiskey in his basement; and, further, that the witness was never in his basement to his knowledge. He also called a witness to testify that he had dined at appellant's house but that he did not see any moonshine whiskey or other intoxicants about the dining room. This witness, however, did not claim he was present on the occasion when the witness, Wells, says he dined with appellant and had the toddy. The evidence against appellant was direct and certain and it, therefore, appears that the verdict of the jury is not against the evidence.

Neither do we think there is any merit in appellant's contention that the Commonwealth failed to prove the *corpus delicti.* The witness, Wells, as we have seen from the foregoing brief statement of the evidence, proved that appellant had moonshine whiskey, an intoxicant, in his dining room on the occasion for which he was indicted; this established the *corpus delicti,* or at least was testimony from which the jury might have concluded that the *corpus delicti* was established.

Appellant's contention with respect to the failure of proof was based upon the theory that outside of the confession, so-called by appellant, there was no evidence that the offense had been committed. In this he is in error, for the prosecuting witness specifically stated that appellant had moonshine whiskey in his possession. His evidence upon that point is as follows:

"Q. If you ever saw appellant with moonshine whiskey, please state when and where? A. In the fall of 1923 I helped him house tobacco, and one day took dinner at his house. When we went to the dining room I saw a jar on a stand. The jar was one of these glass jars. Mr. Vermillion asked me if I would like a toddy and went over to the jar and poured some of the contents in a glass, then poured some water in the glass, stirred it with a spoon, and gave it to me."

This, it appears to the court, was a direct statement that appellant had moonshine whiskey in his possession. The term "moonshine whiskey," we have held, has a definite meaning, and it is not necessary to show that moonshine is intoxicating. In other words, moonshine whis-

key is understood to mean an intoxicant and conveys that idea. The invitation to have a "toddy," of course, carried with it the thought that the witness was to receive and did receive from appellant a drink, one of the ingredients of which was whiskey. The evidence was entirely sufficient to warrant the jury in finding that the jar contained moonshine whiskey, an intoxicant.

Appellant's third and last contention, that the court should have instructed the jury under section 240 of the Criminal Code, is as groundless as either of the others. That section reads:

"A confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

Appellant in his brief insists that the statement attributed to him by the witness, Wells, that the jars in the basement contained moonshine whiskey must be regarded as a confession made by appellant. We do not so understand it. The witness, Wells, says appellant told him that the jars which he showed him in the basement contained moonshine whiskey. At that time appellant was not charged with a public offense. He was not under arrest. "A confession," says Black, "is a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act or the share and participation which he had in it." That definition presupposes that a person making a confession has theretofore been charged with the crime which he confessed he participated in. At the time appellant, Vermillion, was in the basement with the witness, Wells, and pointed out the jars of moonshine whiskey, there was no criminal charge against him. He did not confess to any participation in any crime charged against him. He merely made a statement of what the jars then in his possession contained, not in the nature of a confession, but a statement of facts to an associate whom he did not expect to reveal it. If the statements of appellant made to the witness, Wells, concerning the contents of the jars in the basement did not amount to a confession, then an instruction under section 240, Criminal Code, would have been improper; and inasmuch as the testimony of the witness, Wells, concerning the toddy made from whiskey in the

dining room was sufficient evidence upon which the jury might have based its verdict, finding appellant guilty and thus establishing the *corpus delicti,* an instruction under section 240 of the Criminal Code was unnecessary. The instructions given by the court to the jury embodied the whole law of the case in concise and clear language.

Upon the whole, we find no error to the prejudice of the substantial rights of appellant.

Judgment affirmed.