## Goodfriend v. Commonwealth.

(Decided November 16, 1926.)

## Appeal from Campbell Circuit Court.

1. Infants.—Under Kentucky Statutes, sections 331e-1-331e-23, exclusive original jurisdiction of male offenders 17 years of age and under is in juvenile court, and, until it orders transfer of case, they cannot be prosecuted for criminal offense.

2. Infants.—Under Kentucky Statutes, sections 331e-1-331e-23. in fixing jurisdiction of juvenile court of juvenile offenses, offender's age at time of offense controls.

3. Criminal Law.—Infant 17 years of age or under, being tried for crime, does not, by failure to object, lose right to raise question of jurisdiction of circuit court for first time on appeal.

4. Infants.—Notwithstanding Criminal Code of Practice, section 13, subsection 3, giving circuit court general jurisdiction of criminal prosecutions, if facts disclose offender to be juvenile, burden is on Commonwealth to show proper transfer from juvenile court.

5. Criminal Law.—Court will not assume that offender is a juvenile and within Kentucky Statutes, sections 331e-1-331e-23, and, in absence of fact or circumstance indicating he is within such exclusion, presumption is in favor of jurisdiction.

6. Infants—Testimony that Defendant was Around 18 Years of Age Held Not to Indicate He was a Juvenile, and Offense Held Within Jurisdiction of Circuit Court (Kentucky Statutes, Sections 331e-1-331e-23).—Where no question of defendant's age was raised, testimony that he was "around" 18 held to indicate he was not a juvenile within Kentucky Statutes, sections 331e-1-331e-23, 'and hence circuit court has jurisdiction of offense.

7. Criminal Law.—Error alleged in admission of testimony not objected nor excepted to need not be considered.

8. Criminal Law.—Question of admissibility cannot be raised on appeal, where evidence was admitted without objection.

9. Criminal Law.—In prosecution for rape, where development of gonorrhea in prosecutrix indicated contact with infected person, permitting evidence of defendant's admission that he was so diseased held not error.

10. Criminal Law—Statement of Commonwealth's Attorney, in Argument, that if it was His Little Girl this Boy would Not be Here on Trial, Held Not Prejudicial, in View of Strong Evidence of Guilt and Lenient Verdict.—In prosecution for attempted rape on infant under 12 years of age, statement of Commonwealth attorney, in argument, that if it was his little girl this boy would not be here on trial, although indiscreet, held not prejudicial, in view of strong evidence of guilt and lenient verdict returned.

HOWARD M. BENTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellant was convicted of the crime of attempted rape upon an infant under twelve years of age and sentenced to the penitentiary for five years.

The facts are these: Hattie Zeh, the child alleged to have been injured, was introduced as a witness but detailed none of the facts, indeed, her only answer to numerous questions was to tell her age and that she went to school.

Her mother testifies that Hattie was eight years of age; that she has known the defendant for a number of years, and in answer to the question, "Do you know how old he is?" said, "Not exactly, but around 18, as near as I can guess; I am not positive of course." She further testifies that on June 17th, 1925, defendant came to her house to see her landlord about patching the roof of her residence, but that the landlord thought he was too young and declined to employ him; that he remained around the house and asked her permission to go upon the roof, which she granted; that later, acting upon information given her by a neighbor, she went into the cellar to look for her little girl and met her coming up the cellar stairway and asked her, "What were you doing while you were down there? . . . and she told me Leroy took her down there and took her underclothing off and she said he hurt her. . . . I examined her underclothing and saw they were not on her the way I put them on. I had them on right side out and when I examined them they were on her wrong side out." She examined the little girl and found the genitals inflamed and tender. Some time in July she had her examined by a physician.

She also states that at the time she was talking to the little girl on the cellar steps the defendant was hiding in the cellar a few feet away and a short time afterward she saw him escape through the cellar door.

Mrs. Pauline Binney testifies that she was sitting across the street and saw the defendant talking to Hattie; he was eating a piece of pie, part of which he gave the child, who ran into the hall; defendant went back and the little girl ran out; this was repeated two or three times and her curiosity was attracted; she went across the street and saw the two go down the steps and reported this fact to Mrs. Zeh.

Mrs. Alta Clem, whose residence adjoins that of Mrs. Zeh, states that she was informed by Mrs. Binney that something was wrong and went down into the cellar; that the little girl's underclothing was lying on the ground and that defendant "had her and was holding her up; I could not see what they were doing. I don't reckon he saw me for I ran up the steps as fast as I could; I had on bedroom slippers and made no noise."

Dr. Stein, a medical director of the Campbell county venereal clinic, testifies that Hattie Zeh was brought to him for examination about the 15th of July; that he examined her and noticed a slight discharge from the vagina; he procured a specimen, put it in a covered glass and sent it to Louisville for examination; it came back positive for gonorrhea and he has since treated her for that disease; that this will result if a discharge from one who has gonorrhea comes in contact with the mucous membrane of another. He further states that his examination showed the child had not been raped. The county attorney and county judge both testify that the defendant was before the county court twice; that after his examinations he stated that he was diseased at the time, and that if he had had anything to do with the child he would have diseased her. No evidence was introduced by the defendant, and there is no record of any proceedings in the juvenile court.

It is first argued that this was a juvenile offense and that the circuit court was without jurisdiction to try the defendant on a criminal charge. It is well settled that under the provisions of section 331e of the Kentucky Statutes, exclusive original jurisdiction of all male offenders 17 years of age and under is vested in the juve-

nile court, and unless and until that court orders a trans-
fer of the case, such offenders cannot be prosecuted for a.
criminal offense.   Commonwealth v. Franks, 164 Ky.
239; Talbott v. Commonwealth, 166 Ky. 659; Waters v..
Commonwealth, 171 Ky. 457; Wilson v. Commonwealth,.
208 Ky. 707; that in fixing the jurisdiction, the offender's.
age at the time the offense was committed controls.   Mat--
tingly v. Commonwealth, 171 Ky. 222, and this question
may be raised for the first time in the appellate court..
Talbott v. Commonwealth, *supra*.   Further, if the facts.
disclose the offender to be a juvenile the burden is on the
Commonwealth to show a proper transfer from the juve-
nile court in order to give the circuit court jurisdiction.
of a criminal prosecution, Waters v. Commonwealth,
*supra;* the rule laid down in the latter case being based:
on the premise that as to delinquent children the circuit
court is a court of limited jurisdiction and for it to func-
tion, facts must affirmatively appear in the record show-
ing that jurisdiction was properly acquired.   It must not
be overlooked, however, that "circuit courts   .   .   .
have general jurisdiction for the trial of all prosecutions.
and penal actions unless exclusive jurisdiction be given
other courts."   Criminal Code, section 13, subsection
3.   Of course, lack of jurisdiction in a criminal case
as here claimed may develop during the trial or be
shown at any stage of the proceedings, but the court
will not assume the defendant to be within the excluded.
class, and in the absence of some fact or circumstance
indicating that he falls within such exclusion, the pre-
sumption is in favor of its jurisdiction.   Here no ques--
tion as to appellant's age was raised, either on the trial
or in the motion for a new trial, the only evidence relat--
ing to his age being the indefinite statements of Mrs. Zeh
made on the trial some five months after the crime was.
committed that his age was then "around 18 as near as I.
can guess; I am not positive of course."   This means he
was "around" 17½ years of age at the time the offense
was committed.   Admittedly the witness did not know his.
exact age and was giving her best guess.   "Around"
may mean within a few days or it may mean a longer
period, though the inference would seem to be in favor of
a short period.   If the evidence is of any potential value
it would indicate that the appellant was not a juvenile,
and, therefore, called for no contradiction upon the part
of the Commonwealth or for any further inquiry upon

the part of the court, which properly entertained jurisdiction.

(2) It is next urged that the court erred in permitting Mrs. Zeh to testify as to the statements made to her by the little girl. It is unnecessary to consider this, however, as there was no objection or exception to the evidence. (3) It does not appear in evidence to whom Dr. Stein sent the specimen about which he testifies or as to the character of analysis applied to it, but, while improper, this evidence was admitted without objection and the question cannot now be raised. (4) It is also argued that it was improper to permit the county attorney and county judge to testify as to the defendant's statements that he was infected with a venereal disease. We think this evidence was competent. The development of gonorrhea in the child indicated a contact with some person thus infected, and his admission that he was so diseased tended to connect him with the crime. Lastly, it is insisted that the Commonwealth's attorney was guilty of misconduct in his closing argument to the jury in which he said, "If this was my little girl this boy would not be here on trial before you." Objection was made to this remark and overruled by the court. The statement was indiscreet, but in view of the strong evidence of guilt and the lenient verdict returned, we cannot say that defendant's substantial rights were prejudiced thereby.

Wherefore, the judgment is affirmed.