## Eldridge v. Commonwealth.

(Decided May 14, 1929.)

500

A. H. PATTON and G. B. STAMPER for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Bruce Eldridge and Clayton Calhoun were jointly indicted for the crime of burning a barn belonging to L. C. Calhoun. A separate trial was accorded Eldridge, and he was convicted and condemned to serve three years in the penitentiary. On this appeal he contends (1) that a special demurrer to the indictment should have been sustained, on the ground that the court had no jurisdiction, because the defendant was under 17 years of age when the offense was committed; (2) that the court erred in instructing the jury; and (3) that the evidence was insufficient to justify submission of the case to the jury.

The demurrer to the jurisdiction of the court was based upon the contention that Bruce Eldridge was under 17 years of age when the offense was alleged to have been committed. Proof was heard upon the issue thus made, and at the conclusion of the evidence the court overruled the demurrer, and the defendant excepted. The testimony on the issue of Eldridge's age is in conflict. The court will not assume that a person indicted is under 17 years of age; and, when that issue is raised, the burden is on the defendant to prove that he was in fact under 17

years of age. The presumption is in favor of the jurisdiction of the court. Goodfriend v. Com., 216 Ky. 573, 288 S. W. 330. Eldridge and his mother testified that he was born February 28, 1910, and, as the offense was committed in May, 1926, he was then under 17 years of age. There was other evidence indicating that Eldridge was older. His own testimony is of slight value, as he necessarily derived his information, as he stated, from his mother and father. It adds little or nothing to his mother's testimony. She testified that she lived in the Rosseau school district for several years, and that she had given to the census taker for the school district the correct date of defendant's birth. No family record was preserved.

The school census for several years showed that Eldridge was born March 18, 1909, whilst one year showed that it was March 17, 1908. It is argued that the school census is not admissible. Hunley v. Commonwealth, 217 Ky. 675, 290 S. W. 511. However that may be as a general proposition, Mrs. Eldridge testified in this case that she gave the date of appellant's birth to the census taker. and undoubtedly the record then became admissible, as affecting her credibility or the accuracy of her memory. In view of the presumption, and the finding the court upon conflicting evidence according with it, we are unable to say that any error was committed in overruling the demurrer to the jurisdiction of the court.

The complaint of an instruction to the jury is well founded, as is conceded by the Attorney General. The instruction permitted the conviction of the appellant, if the barn was burned by his codefendant, even though Eldridge had nothing to do with it. For this error the judgment will have to be reversed, but, as another trial may be necessary, other questions must be decided.

Appellant insists that he was entitled to an instruction, under section 240 of the Criminal Code of Practice, on the theory that the testimony connecting appellant with the offense rested entirely upon a confession. Clary v. Commonwealth, 163 Ky. 48, 173 S. W. 171; Higgins v. Commonwealth, 142 Ky. 647, 134 S. W. 1135. Appellant's statement, as proven by the commonwealth's witness, was not a confession, but a mere statement against interest, and admissible in evidence as such. Wright v. Com., 155 Ky. 750, 160 S. W. 476; Commonwealth v. Jackson, 11 Bush, 679, 21 Am. Rep. 225; Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497. The court did not err, there-

fore, in refusing to instruct under section 240 of the Criminal Code of Practice. Vermillion v. Commonwealth, 210 Ky. 645, 276 S. W. 560.

█ The final insistence is that the evidence was insufficient to carry the case to the jury on the ground, first, that the only evidence against the appellant was his admissions; and, second, that there was no proof, except the admission, that the barn had been burned by an incendiary. The witness for the commonwealth testified to statements made by Eldridge showing his guilt. There was other evidence, in addition to the statement, which showed motive and the incendiary nature of the fire, requiring submission of the case to the jury. The barn was burned in the nighttime. The head of the family was away from home. Before the fire started, the family was repeatedly aroused by the barking of dogs, indicating the presence of intruders. Circumstances were developed, indicating that some one had set fire to the barn. It is true one witness testified that a workman on the place was in the habit of smoking cigarettes, but there was no proof that he had smoked about the barn, or that the fire originated from that source. The court was correct in its ruling that the case was for the jury to determine.

But, for the error indicated in the instructions, the judgment will have to be reversed, for a new trial not inconsistent with this opinion.

Judgment reversed.