## Ashley v. Commonwealth.

(Decided December 16, 1930.)

B. M. VINCENT for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant was charged by indictment with the malicious cutting and wounding of another with the intent to kill him. A trial resulted in his conviction, and his punishment was fixed at confinement in the penitentiary for two years. His counsel is objecting considerably to the judgment on grounds made to appear in the record.

The grounds for a new trial contained in the motion therefor are extensive, not only covering all of those mentioned in the Criminal Code of Practice, but devising several new ones. One is that a juror did not agree to the verdict as reported to the court, and that he immediately made known his lack of agreement after the verdict was read in court. When the juror indicated his disagreement, counsel for appellant demanded a poll of the jury, but the jury had been discharged from further consideration of that particular case, and at least some of them had left the courtroom. Affidavits in profusion were filed in support of the ground mentioned, and in opposition thereto. The steps taken after the situation was discovered present an unusual question that it would be interesting to pursue, but there is an error in the record which requires a reversal, and for that reason no good purpose would be served in disposing of the controversy over the juror who did not agree, as nothing like that is apt to happen again.

The appellant raised the question in proper manner that he was under seventeen years of age and, the judge of the juvenile court had not waived jurisdiction, and because thereof the circuit court was without jurisdiction. The trial judge appears to have overruled this plea, which was called a special demurrer and plea to jurisdiction. The ruling of the trial court was made upon its presentation so far as the record is concerned. He did not have the necessary information before him to make a ruling. The mere objection to the jurisdiction,

of course, did not deprive the circuit court of the jurisdiction to hear and determine, but, when the objection was made, it became the duty of the trial court to determine whether appellant had reached the age of seventeen years, or whether he was under seventeen years of age. If he was under seventeen years of age, the circuit court was without jurisdiction until the charge had been before the judge of the juvenile court. When the question was raised, the trial judge should have heard the proof and determined the jurisdiction of his court, or, if he chose to allow the motion to remain in abeyance until the proof was developed during the trial, it became his duty to determine the question before finally submitting the case to the jury. If the trial court should have decided that he had jurisdiction when he did not, the question could be reviewed by this court upon proper objections and exceptions in the lower court. If he should have decided that he did not have jurisdiction, the case would have passed into the hands of the juvenile judge, who would have disposed of it in some one or more of the ways provided by law. After the trial judge heard the evidence, the question raised was never disposed of in any manner. One of the instructions left it to the jury to determine whether appellant was over seventeen years of age, but the jury did not do so.

The proof is almost, if not entirely, conclusive that the boy was only sixteen years of age. The vital statistics records which made a prima facie case for him were introduced, and, according to these records, which are probably the best evidence, he was shown to be only sixteen years of age at the time of the commission of the offense. His father testified to the age of his son, and his testimony was in corroboration of the vital statistics records. Copies of the school census for different years were introduced, and they only served to strengthen the position of this court heretofore expressed that they are without weight as evidence. Some of them were in accord with the vital statistics records, but others showed the boy to be fully two years older. They may be left out of consideration entirely, and there is left against the record, which makes a prima facie case, and the testimony of the father, only the testimony of a sister younger than the boy who was the wife of the victim of the affray in which appellant wielded the knife. It was for the trial court, however, to determine whether he had jurisdiction. It has been held in a number of cases

that circuit courts have no jurisdiction to try juvenile offenders, unless the county judge, acting as judge of the juvenile court, has first acquired jurisdiction and transferred or surrendered that jurisdiction to the circuit court. Section 331e-5, Ky. Stats.; Waters v. Com., 171 Ky. 457, 188 S. W. 490; Compton v. Com., 194 Ky. 429, 240 S. W. 36; Wilson v. Com., 208 Ky. 707, 271 S. W. 1055; Goodfriend v. Com., 216 Ky. 573, 288 S. W. 330.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.