## Abdon v. Commonwealth.

(Decided January 16, 1931.)

22

NORMAN W. BOWMAN for appellant..

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Albert Abdon, was convicted in the Lewis circuit court of the crime of willfully and maliciously shooting at and wounding, J. D. McCleese, an offense denounced by section 1166 of the present statutes, and his punishment was fixed at confinement in the penitentiary for a period of eighteen months and one day. He has alleged six grounds for reversal.

The first ground is that the verdict was contrary to the evidence and was the result of passion and prejudice on the part of the jury. It is the rule that a verdict on competent evidence must be sustained, unless it is so palpably against the evidence as to shock the conscience and compel the conclusion that the verdict resulted from passion and prejudice. Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820.

The appellant did not testify, and the only version of the shooting given at the trial was that of the prosecuting witness, J. D. McCleese. His testimony showed that some ill feeling had existed between him and appellant for a number of years. On the day the shooting occurred McCleese was driving a wagon drawn by two horses along a public road, and he was walking on the left side of the wagon. The appellant, riding on horseback, overtook him and said, "Pretty muddy teaming." McCleese failed to answer, and appellant repeated his statement and said, "What is the matter with you bulling around, why don't you speak?" McCleese told appel-

lant to go on and let him alone, and continued to walk down the road driving his team. As he raised his right hand to strike his team with the reins, he heard the report from a pistol being fired behind him. The first bullet missed him, but the second struck him in the right arm. He then ran and attempted to escape over the bank of the road, but the fifth bullet fired from the pistol struck him in the back. Marion Riester heard the reports from the pistol, and met appellant in the road about 100 yards from the scene of the shooting. Appellant said to Riester: "I put Bird McCleese over the bank. I don't know whether I killed him or not." On the same day appellant in the presence of the county attorney and others admitted that he shot McCleese. Obviously the evidence is sufficient to sustain the verdict.

The second and third grounds relied on for a reversal are that the trial court rejected competent evidence offered by the appellant and admitted incompetent evidence offered by the commonwealth. Appellant offered to read the affidavit of Thomas Underwood. The commonwealth objected to the reading of the affidavit, and its objection was sustained. McCleese, on cross-examination, had been asked if he had not made a threat against appellant's life in the presence of Thomas Underwood. He denied making the threat, and testified that he had not seen Underwood within three years. The rejected affidavit was as follows: "That Bird McCleese made all kinds of threats against the life and property of Albert Abdon and that he, Underwood, told Albert Abdon of these threats and warned him to be careful and watch McCleese for his life was in danger." The affidavit did not set out in terms the threats alleged to have been made by McCleese, but conceding, without deciding, that it was admissible, its rejection did not prejudice the substantial rights of appellant, since numerous affidavits of similar import were read to the jury and the one in question was merely cumulative.

The alleged incompetent evidence admitted over appellant's objection was the testimony of the county attorney in which he related a conversation that occurred between him and appellant on the day the shooting occurred, and in which conversation appellant admitted that he shot McCleese. This fact was amply shown by other proof, and, even if the admission be treated as a confession, it is shown that it was freely and voluntarily made.

It is argued that the court erred in overruling defendant's motion for a continuance. The indictment was returned on February 12, 1930, and on February 13, 1930, an order was entered setting the case for trial or the fifth day of the next June term. It appears that on the day set for trial appellant moved for a continuance and filed an affidavit in support of his motion, which was overruled. The affidavit does not appear in the record, and the record does not disclose on what grounds a continuance was asked. In this state of the record it will be assumed that the court's ruling was proper.

The fifth ground relied on for reversal is that the court, in instructing the jury, failed to give the whole law of the case, in that it failed to instruct the jury, as provided by section 240 of the Criminal Code of Practice, that a confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed. The appellant in his statement to the county attorney did not admit that he was guilty of the crime with which he was charged, but merely stated a fact which did not of itself constitute guilt. If his statement was merely the admission of the truth of an independent fact and not equivalent to a confession, an instruction under section 240 of the Criminal Code of Practice was not authorized. Eldridge v. Commonwealth, 229 Ky. 499, 17 S. W. (2d) 403; Allen v. Commonwealth, 176 Ky. 475, 196 S. W. 160; Bates v. Commonwealth, 164 Ky. 1, 174 S. W. 765. But, if his statement is treated as a confession, the corpus delicti was sufficiently established by other evidence, and an instruction under section 240 was unnecessary. Vermillion v. Commonwealth, 210 Ky. 645, 276 S. W. 560; Means v. Commonwealth, 197 Ky. 401, 247 S. W. 12; Dunbar v. Commonwealth, 192 Ky. 263, 232 S. W. 655; Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497; Lee v. Commonwealth, 155 Ky. 62, 159 S. W. 648; Sandefur v. Commonwealth, 143 Ky. 655, 137 S. W. 504; Dugan v. Commonwealth, 102 Ky. 241, 43 S. W. 418, 19 Ky. Law Rep. 1273; Green v. Commonwealth, 83 S. W. 638, 26 Ky. Law Rep. 1221.

It is finally insisted that the trial court erred in permitting the witness, McCleese, to testify over appellant's objection when not in the presence of the official court reporter. The witness was requested by the commonwealth's attorney to exhibit to the jury the wound in his

back. He replied, ''I hate to do that with all the women present.'' Thereupon the presiding judge, jury, appellant, and attorneys for the appellant and commonwealth retired to the jury room where the witness exhibited to the jury the wounds in his back and arm. The official reporter's transcript of the evidence notes this fact, and she could have done no more had she been present when the witness showed his wounds to the jury. It is not shown that any testimony was given out of the presence of the reporter nor that anything occurred prejudicial to appellant's rights.

Our careful examination of the record discloses no error of the court that would warrant us in granting a new trial.

The judgment is affirmed.