**C. B. McFARLAND, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Paul E. Braden, Corbin, for appellant.

John Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

C. B. McFarland has been granted a belated appeal, pursuant to order of a federal court, from a judgment of September 20, 1968, sentencing him to a term of two years in the penitentiary on a conviction of knowingly receiving stolen property.

The evidence was that McFarland and a codefendant sold to one farmer four little pigs that had been stolen from another

farmer. The defendant's story was that they had purchased the pigs from one Eddy Moore, a stranger to them, on an occasion when they pulled Moore's car from a ditch.

There is in the record an order reciting that on the day the case was set for trial (and was tried), "Counsel for the defendant * * * filed the affidavit of the defendants that a material witness is absent." The order further states: "There is nothing but the affidavit and it doesn't comply with Rule 9.04 of the Criminal Rules of Procedure * * * and the Court being sufficiently advised, overrules the motion for continuance * * *." The affidavit is not in the record.

The appellant's sole contention is that the trial court erred in overruling the motion for a continuance. He states in his brief that Eddy Moore was the alleged absent material witness.

There is nothing in the record to show that the affidavit complied with the requirements of RCr 9.04 with respect to showing the materiality of the evidence expected to be obtained, that due diligence was used to obtain the evidence, the facts the affiant believed the witness would prove, and that the affiant believed those facts to be true. In the transcript of McFarland's testimony on the trial, reference is made to the fact that McFarland had caused a subpoena to be issued for Eddy Moore four days before the day of the trial, but the officers could not find him. That testimony is not an acceptable or sufficient substitute for the required affidavit.

In the absence of the affidavit from the record, there is no basis on which this court could determine that there was error in the denial of the continuance. See Pennington v. Commonwealth, Ky. 371 S.W.2d 478; Abdon v. Commonwealth, 237 Ky. 21, 34 S.W.2d 742; Litteral v. Commonwealth, 223 Ky. 402, 3 S.W.2d 775.

The judgment is affirmed.

All concur.