409 A.2d 106

**COMMONWEALTH of Pennsylvania**

**v.**

**Kenneth ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1979.

Filed Aug. 17, 1979.

Buford W. Tatum, II, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

I. MARTIN WEKSELMAN, Judge:

Appellant was tried for the May 8, 1975, murder of Ruth Turner. Ms. Turner, a 15-year-old, had been babysitting at the home of a neighbor on the evening of May 7, and her mother and several friends stayed with her until between

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

midnight and 1:00 a. m. on May 8. The last to leave was Tyrone Colter. He testified that before he left, Ms. Turner told him that appellant was coming to visit her. When Colter left at about 12:45 a. m., he encountered the appellant coming toward the house on the street outside. Appellant asked if Ms. Turner was inside. Colter told him she was and continued down the street. When he looked back, he saw appellant's bike parked in front of the house in which Ms. Turner was babysitting. A neighbor testified to observing appellant coming out of the house between 2:00 and 3:00 a. m. and making a few trips with objects looking like large boxes which he carried to the end of the alleyway behind the house. When the woman for whom Ms. Turner had been babysitting returned home the next morning, Ms. Turner's nude body was found floating in the bathtub. A knotted pair of pantyhose was found on the radiator in the bathroom and a post mortem examination revealed that she had died of strangulation. In addition to discovering the body of Ms. Turner, her employer also discovered that her television set and stereo speakers were missing. The post mortem examination further disclosed spermatozoa in Ms. Turner's vagina. Also present in the vagina were gonococci bacteria, which transmit the disease gonorrhea. The medical evidence indicated that there were no signs that Ms. Turner herself was infected with the disease. The medical examiner concluded that the physical findings were consistent with sexual intercourse during which the gonococci bacteria were deposited shortly before Ms. Turner's death. Appellant was arrested on the day that Ms. Turner's body was discovered and was committed to the Youth Study Center the next day. During a routine physical examination at the Center three days later, a physician noted a uretheral discharge from appellant's penis. Tests of the discharge confirmed that appellant had gonorrhea. Appellant was convicted of first degree murder and he appeals from the judgment of sentence of life imprisonment which was imposed subsequent to the denial of his post-verdict motions.

■ The foregoing circumstantial evidence was clearly sufficient to sustain appellant's conviction. *Commonwealth v. Barky*, 476 Pa. 602, 383 A.2d 526 (1978); *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Mussoline*, 429 Pa. 464, 240 A.2d 549 (1968). Appellant does not contend otherwise, and on appeal contends only that the trial Court erred in admitting testimony by the medical examiner that appellant was infected with gonorrhea. The contention is without merit.

■ It must be pointed out that at trial appellant's only objection to the evidence of his infection was on grounds of relevancy, although he now objects on the additional grounds of remoteness and prejudicial effect. Since the latter two objections were not raised at trial, they have not been preserved for appellate review. With respect to the relevance argument, appellant relies principally on *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973), which decision is inapposite and clearly distinguishable. It is undoubtedly the law that evidence, to be relevant, must in some fashion advance the inquiry and must tend to establish some fact material to the case and make the existence of that fact more or less *probable* as distinguished from *possible*.

■ Appellant was placed at the scene of the crime both before and immediately after the estimated time of death of the victim. The evidence of gonorrhea, although not conclusive, was strong circumstantial proof that appellant was the one who infected the deceased on the night of her death. The evidence tended to prove that appellant was with the victim and had sexual relations with her close to the time of her death and was, therefore, strong circumstantial proof of identity. While it is true, for example, that without some additional independent evidence tending to show that the man who committed the crime did lose blood in the process or that the defendant was present at the scene, proof that a criminal defendant shares a blood type with that of samples found near the crime scene is irrelevant to show that the

defendant was in fact present at the scene of the crime, we are not confronted with such mere possibility in the instant case. Here, as aptly stated by the Court below:

"There was independent evidence, that of the eyewitness whose home backed up to the [employer's] house, and the testimony of Tyrone Colter that the defendant was on the scene and had access to the deceased. The testimony of the medical examiner that the spermatozoa with tails indicated recent sexual intercourse did not of itself prove that defendant was the one who had forced his attentions on the deceased. However, the finding of the . . . injection of gonococci, which was likewise of recent injection because it had not reached the Fallopian tubes, did effect an association with the defendant whose case of gonorrhea was further developed."

The evidence did significantly advance the inquiry as to the identity of the slayer, was relevant and admissible. *See, Goodfriend v. Commonwealth,* 216 Ky. 573, 288 S.W. 330 (Court of Appeals of Kentucky, 1926).

Judgment of sentence affirmed.