RENDERED: AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0282-MR

JAMES RICHARD THOMAS                                          APPELLANT

v.          APPEAL FROM OWEN CIRCUIT COURT
            HONORABLE R. LESLIE KNIGHT, JUDGE
            ACTION NO. 12-CR-00018

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: James Richard Thomas appeals a February 13, 2024, Opinion
and Order of the Owen Circuit Court which denied Thomas's motion filed
pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The primary issue
on appeal is the circuit court's refusal to grant a continuance for the evidentiary
hearing set for the motion. After careful review, we affirm the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Thomas was indicted by the Owen County Grand Jury on multiple offenses, including manufacturing methamphetamine. While on bond awaiting trial, Thomas failed to appear and the circuit court issued a warrant for his arrest. He was arrested in Covington, Kenton County, on November 28, 2012. His wife, Brenda Thomas, was also arrested.[1] Brenda gave a recorded interview to the Covington Police Department on the same date. A jury trial took place in 2013. Thomas attempted to call Brenda as a witness, but Brenda refused to testify pursuant to the Fifth Amendment of the United States Constitution because she also had pending criminal charges. She also claimed spousal privilege pursuant to Kentucky Rules of Evidence (KRE) 504. The jury convicted Thomas of manufacturing methamphetamine and other lesser offenses and the circuit court subsequently sentenced him to 23-years' incarceration. His conviction was upheld by the Kentucky Supreme Court. *Thomas v. Commonwealth*, No. 2013-SC-000550-MR, 2015 WL 6593951 (Ky. Oct. 29, 2015).

In 2016, Thomas filed a motion claiming ineffective assistance of trial counsel pursuant to RCr 11.42. The circuit court denied relief in a perfunctory order without an evidentiary hearing and Thomas appealed. This Court reversed.

---

[1] James Thomas and Brenda Thomas were also charged with various offenses in Kenton County that are not the subject of this appeal.

On remand, we instructed the circuit court to conduct "a proper analysis of the claims raised in the RCr 11.42 motion." *Thomas v. Commonwealth*, No. 2017-CA-0714-MR, 2021 WL 2877946, at *3 (Ky. App. July 9, 2021) (citation omitted). We cautioned the circuit court that if the claims were not refuted by the record, Thomas was entitled to an evidentiary hearing. *Thomas v. Commonwealth*, No. 2017-CA-0714-MR, 2021 WL 2877946, at *3 (Ky. App. July 9, 2021) (citation omitted).

On remand, the circuit court entered an order on March 7, 2022, denying relief to Thomas on one of his claims, but granting an evidentiary hearing on other claims. The circuit court also allowed Thomas to amend his original motion pursuant to RCr 11.42. Specifically relevant to this appeal is Thomas's initial claim that the Commonwealth committed a *Brady* violation[2] by failing to turn over the video recording of Brenda's interview with the Covington Police, wherein she purportedly made exculpatory statements that Thomas was not manufacturing methamphetamine. In his supplemental motion, Thomas claimed in the alternative that trial counsel was ineffective for not investigating and discovering the video. In October of 2023, the circuit court set the evidentiary hearing for February 2, 2024. However, in the order ultimately denying relief to

---

[2] *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Thomas, the circuit court described the following communication between the court and Thomas's counsel:[3]

> On January 31, 2024, Defendant's counsel sent an email to the Court's assistant, which stated:
>
> > I left a voicemail, but I wanted to reach out on here too in case that was easier. I was calling about a scheduling/logistics question regarding one of my witnesses for Friday. Jo Holbrook is only available to appear by Zoom and I wanted to make sure that was okay and request a link from the Court if so. It would be for the first 10 minutes or so and then we would not need Zoom for anything else. Please let me know if/how that works at your convenience.
>
> The Court's assistant responded: "I have spoke [*sic*] to Judge Knight and she is wanting to know who this witness is, why they can't appear in person and if they were subpoenaed? At this point she is not inclined to allowing them to appear by zoom. Please advise."
>
> Counsel responded: "Thank you for getting back to me. The witness is Jo Holbrook, an attorney out of Kenton County. I don't expect his testimony to take more than 5 minutes, but he had asked to appear via Zoom, and I told him I would check with the Court." Ultimately, the undersigned responded directly to counsel, stating, "The witnesses must appear in person."

Record at 203-04.

---

[3] The communication between Thomas's counsel and the circuit court does not appear in the record before us. However, the parties do not dispute the circuit court's summary of the communication contained in the order denying relief to Thomas's motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42.

On the day of the hearing, Thomas orally requested a continuance. Counsel had attempted to subpoena attorney Jo Holbrook just one day prior, but was unable to have him served. Holbrook represented Thomas in his Kenton County criminal case and, because the Commonwealth would not stipulate to the authenticity of the video interview with Brenda, Thomas argued that Holbrook's testimony was necessary to authenticate the video so that it could be entered into evidence. Thomas contended that because Holbrook could not be served and the court refused to allow him to appear via Zoom, the video could not be authenticated and, therefore, Thomas could not proceed with his proof. The Commonwealth objected to a continuance and argued that its witnesses were present and ready to proceed. The circuit court pointed out that Thomas had other claims that were not tied to the video, but Thomas refused to move forward. Accordingly, the circuit court ultimately denied relief, finding that 1) Thomas failed to submit an affidavit as required by RCr 9.04 when a continuance is requested; 2) the need for a continuance was Thomas's own fault; and 3) he failed to prove his case. This appeal followed.

**Standard of Review**

Our review of a trial court's consideration of a motion for continuance has been well defined by the Kentucky Supreme Court:

> "[W]hether to grant a motion for continuance is well
> within the sound discretion of the trial court." *Hunter v.*

*Commonwealth*, 869 S.W.2d 719, 720 (Ky. 1994). "[A] trial court's ruling on a continuance motion will remain undisturbed unless it appears to the appellate court that, in overruling the motion, there was a clear abuse of judicial discretion such as to deny the accused substantial justice." *Id.* at 721. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

*Helmick v. Commonwealth*, 686 S.W.3d 158, 162 (Ky. 2024). Our review proceeds accordingly.

## ANALYSIS

Thomas makes three primary arguments on appeal: 1) the circuit court abused its discretion in denying his motion for continuance; 2) the denial of the motion pursuant to RCr 11.42 was a premature deprivation of an evidentiary hearing to which Thomas was entitled;[4] and, 3)"[t]he court's assertion that there was no claim because Brenda knew was not supported by fact." Appellant's Brief at 31. Frankly, Thomas's second and third arguments are difficult to comprehend and, because we affirm based on our conclusion that the circuit court did not abuse

---

[4] The Commonwealth emphasizes the fact that Thomas refused to put on any evidence whatsoever at the hearing and that it was prepared to proceed. In his reply brief, Thomas contends that the circuit court could have granted the continuance *and* the Commonwealth could have put on any proof it desired on the original hearing date. This argument by Thomas is baffling as it is longstanding law that the accused has the burden of proof in a motion made pursuant to RCr 11.42. *Dorton v. Commonwealth*, 433 S.W.2d 117, 118 (Ky. 1968).

its discretion when it refused to continue the hearing, we will not address those arguments.[5]

RCr 9.04 provides:

> The court, upon motion and sufficient cause shown by either party, **may** grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. **If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true.** If the attorney for the Commonwealth consents to the reading of the affidavit on the hearing or trial as the deposition of the absent witness, the hearing or trial shall not be postponed on account of the witness's absence. If the Commonwealth does not consent to the reading of the affidavit, the granting of a continuance is in the sound discretion of the trial judge.

(Emphasis added.)

Thomas does not dispute the fact that his counsel failed to file a written motion for a continuance with an accompanying affidavit pursuant to the rule. He argues that the rule must be read in context and contrasts the facts of this case with *Foley v. Commonwealth*, 17 S.W.3d 878, 882 (Ky. 2000), *overruled on*

---

[5] Thomas's argument that "the circuit court's assertion that there was no claim because Brenda knew was not supported by fact" does not make sense. While it is possible he meant to indicate that *Thomas* knew, rather than Brenda, the wording appears in Thomas's Statement of Points and Authority and in the body of his brief.

*other grounds by Stopher v. Conliffe*, 170 S.W.3d 307, 310 (Ky. 2005). Thomas contends that, although Foley did not comply with the requirements of RCr 9.04, his motion for a continuance of an evidentiary hearing was not denied for that reason; rather, it was denied due to Foley's inability to specify what evidence was missing, why it was material, and what efforts were made to obtain it prior to the evidentiary hearing. Thomas contrasts *Foley* with what he asserts was his counsel's detailed oral argument presented to the circuit court regarding why he needed Holbrook to authenticate the video, the steps he had taken to secure Holbrook's testimony, and what the video would show. In other words, Thomas contends his counsel's argument on the day of the hearing is a sufficient substitute for his failure to follow the mandates of RCr 9.04. We disagree. *Foley* is also not dispositive. Foley's failure to specify what evidence was missing, why it was material, and what efforts were made to obtain it prior to the evidentiary hearing could have been remedied had he filed the necessary affidavits required by RCr 9.04. Thus, we cannot say that the circuit court abused its discretion in denying Thomas counsel's oral motion for continuance due to lack of a written affidavit. *See McFarland v. Commonwealth*, 473 S.W.2d 121, 122 (Ky. 1971) (testimony under oath was not an "acceptable or sufficient substitute for the required affidavit" in a request to continue a trial).

Thomas next goes through an extensive argument regarding each of the factors a court is required to consider when ruling on a motion to continue. Specifically,

> [f]actors the trial court is to consider in exercising its discretion are: length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice. *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985).

*Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001).

First, the consideration of the factors in *Snodgrass* occurs only when a proper motion to continue has been made (*i.e.*, when a litigant has followed the mandates of RCr 9.04). Second, Thomas does not cite any caselaw—and we know of none—that requires a circuit court to make specific findings regarding each of the factors raised. Finally, because the circuit court relied primarily on Thomas's failure to follow the mandates of RCr 9.04, the court did not make specific findings related to each of the factors, although it did list them. The circuit court found that:

> [D]espite having several months to arrange for the presence of a witness to authenticate the video, [Thomas] did not attempt to subpoena Mr. Holbrook until the week of the hearing. [Thomas] also did not ask the Court for

permission for Mr. Holbrook to appear by Zoom until three days before the hearing.

> Considering: that the Court granted this hearing nearly two years prior to the date it was ultimately scheduled; that the Commonwealth had subpoenaed its witnesses (who were present) and was prepared to go forward; that [Thomas's] need for a continuance was his counsel's own fault; that the issues do not appear overly complex; and that [Thomas] had presented other claims unrelated to the video he could have pursued, and witnesses were present and prepared to testify regarding those claims; the Court finds that its denial of a continuance was an appropriate exercise of its discretion.

Record at 206-07.

We agree with the circuit court. Thomas had been seeking an evidentiary hearing on his RCr 11.42 motion since 2016. In 2021, this Court remanded the matter for consideration of whether an evidentiary hearing was necessary based on the record. The circuit court granted the hearing, and scheduled it four months in advance. It defies belief that, after waiting nearly eight years, Thomas waited until two days before the hearing to seek permission for Holbrook to appear and testify via Zoom rather than in person; and just one day prior to attempt to have the witness subpoenaed. Based on the record before this Court, it also appears that Thomas did not attempt to subpoena any other potential witnesses who could have authenticated the video, such as the Covington police

officers involved or Brenda Thomas.[6]  Accordingly, the circuit court did not abuse

its discretion when it denied Thomas's request for a continuance.

## Conclusion

For the foregoing reasons, the February 13, 2024, Opinion and Order

of the Owen Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Martina L. Lytle
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

Aaron P. Riggs
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky

---

[6] It appears that Thomas's claim of a *Brady* violation is refuted by the record before us.  The record shows that, on April 8, 2013, the Commonwealth provided documentation of Thomas's arrest in Kenton County in discovery.  The documentation indicated the existence of the interview with Brenda by the Covington Police Department.  However, the circuit court did not make a finding to that end.  "An appellate court 'is without authority to review issues not raised in or decided by the trial court.'" *Fischer v. Fischer*, 197 S.W.3d 98, 102 (Ky. 2006) (internal quotation marks and citations omitted).  Nevertheless, we do note that Thomas appealed his bail jumping conviction in 2014 (*Commonwealth v. Thomas*, Action No. 13-CR-00054).  Therein, he argued the same *Brady* violation (*i.e.*, the alleged failure of the Commonwealth to provide the video of Brenda's interview).  In that instance, this Court rejected Thomas's argument. *See Thomas v. Commonwealth*, No. 2014-CA-000897-MR, 2016 WL 675920, at *5 (Ky. App. Feb. 19, 2016).